```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
PERFECT DENTAL, PLLC, ZODIAC           :
DENTAL, PLLC, AND SMOOTH               :
DENTAL, PLLC,                          :
                                       :
              Plaintiffs,              :
                                       :          MEMORANDUM AND ORDER
        -against-                      :
                                       :                04 CV 0586
ALLSTATE INSURANCE COMPANY,            :
                                       :
              Defendant.               :
---------------------------------------------------------------x
SMOOTH DENTAL, PLLC,                   :
                                       :
              Plaintiffs,              :
                                       :
        -against-                      :
                                       :                04 CV 0588
STATE FARM MUTUAL                      :
AUTOMOBILE INSURANCE                   :
COMPANY,                               :
                                       :
              Defendants.              :
---------------------------------------------------------------x
```

**DORA L. IRIZARRY, U.S. District Judge:**

Plaintiffs, Perfect Dental PLLC, Zodiac Dental PLLC, and Smooth Dental PLLC, filed this diversity action against defendants, Allstate Insurance Company and State Farm Mutual Automobile Insurance Company, alleging breach of contract, unjust enrichment and violation of N.Y. Gen. Bus. Law § 349. Defendants now move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss plaintiffs' second and third causes of action, namely unjust enrichment and N.Y. Gen. Bus. Law claims, respectively. For the following reasons, defendants' motion to dismiss is granted as to plaintiffs' third cause of action, but denied as to plaintiffs' second cause of action.

## Background

Plaintiffs provided dental services between 2001 and 2003 to various patients injured in unrelated motor vehicle accidents. (Compl. at ¶ 7-8.) Plaintiffs contend that defendants failed to pay for the dental services pursuant to each patient's insurance policy issued by defendants. (*Id*. at ¶¶ 1-6; 18-20.) Plaintiffs allege three causes of action: (1) breach of contract, (2) unjust enrichment, and (3) violation of N.Y. Gen. Bus. Law § 349. Defendants deny sufficient knowledge and information to form a belief concerning plaintiffs' claims indicating that plaintiffs have not identified the contract(s) or assignment(s) under which plaintiffs bring the above claims. (Defs.' Reply Mem. at 6-8.) Defendants now move to dismiss plaintiffs' second and third causes of action on the grounds that plaintiffs failed to state a claim upon which relief may be granted.

## Discussion

### I. Standard of Review

When evaluating a complaint under Fed. R. Civ. P. 12, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the non-moving party. *Dangler v. New York City Off Track Betting Corp.*, 193 F.3d 130, 138 (2d Cir. 1999). A motion to dismiss must be denied "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957).

### II. Unjust Enrichment Claim

Defendants contend that plaintiffs are prohibited from alleging both breach of contract and unjust enrichment in the same complaint because plaintiffs allege "the existence of written

insuring agreements that govern their claims for performance of services," thus prohibiting plaintiffs from "proceeding against the defendants based upon a theory of unjust enrichment." Defs.' Mem. of Law at 11. "New York law does not permit recovery [for unjust enrichment] if the parties have a valid, enforceable contract that governs the same subject matter as the [unjust enrichment] claim." *Mid-Hudson Catskill Rural Migrant Ministry, Inc. v. Fine Host Corp.*, 418 F.3d 168, 175 (2d Cir. 2005) (citing *Clark-Fitzpatrick, Inc. v. Long Island R.R Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 516 N.E.2d 190 (1987)). However, where there is a bona fide dispute regarding the existence of a contract, plaintiffs may plead a breach of contract claim and an unjust enrichment in the alternative. *See Rule v. Brine, Inc*., 85 F.3d 1002, 1011(2d Cir. 1996); *Gianascio v. Giordano,*2003 WL 22999454, at * 5 (S.D.N.Y. Dec. 19, 2003). Moreover, Fed. R. Civ. P. 8(e) expressly permits "statements of a claim . . . alternatively or hypothetically" and "[a] party may also state as many separate claims or defenses as the party has regardless of consistency . . . ."

Here, there is a bona fide dispute as to whether a contract governing the subject matter exists. In their respective answers, defendants deny knowledge or information sufficient to believe whether valid automobile insurance policies were issued by the defendants and effective at the time of the accidents. *See* Allstate Answer at ¶¶ 2,6; State Farm Answer at ¶¶ 2, 6. Moreover, defendants explain that their denials refer to insufficient knowledge of "[the existence of these alleged contracts]." *See* Defs.' Mem. of Law at 7-8. Thus, dismissal of plaintiffs' unjust enrichment claim would be premature at this stage of the litigation and defendants' motion to dismiss plaintiffs' unjust enrichment claim is denied.

**III.    N.Y. Gen. Bus. Law § 349 Claim**

Defendants contend that plaintiffs have failed to state a claim upon which relief may be granted under N.Y. Gen. Bus. Law § 349. To state a claim under N.Y. Gen. Bus. Law § 349, "a plaintiff must demonstrate (1) acts or practice that are 'consumer oriented'; (2) that such acts or practices are deceptive or misleading in a material way; and (3) that plaintiff has been injured by reason of those acts." *Depasquale v. Allstate Ins. Co.*, 179 F. Supp. 2d 51, 58 (E.D.N.Y. 2002) (internal citations omitted). For conduct to be consumer oriented, plaintiffs must show that the practices complained of have a broad impact on consumers at large; private contract disputes unique to the parties would not fall within the ambit of the statute. *See Magee v. Paul Revere Life Ins.*, 954 F. Supp. 582, 586 (E.D.N.Y. 1997); *New York Univ. v. Cont'l Ins. Co.*, 87 N.Y.2d 308, 320, 639 N.Y.S.2d 293, 290, 662 N.E.2d 763 (1995). Courts almost uniformly find that disputes between policy holders and insurance companies concerning the scope of coverage "are nothing more than private contractual disputes that lack the consumer impact necessary to state a claim pursuant to Section 349." *See Depasquale*, 179 F. Supp. 2d at 58 (surveying decisions on disputes concerning coverage under various policies, including employee dishonesty, disability, fire insurance, and life insurance policies) (internal citations omitted); *see also US Alliance Fed. Credit Union v. CUMIS Ins. Soc., Inc.*, 346 F. Supp. 2d 468, 472 (S.D.N.Y. 2004) (finding insurer's denial of benefits under indemnity bond policy insufficient to establish that insurer's conduct was consumer-oriented or affected the public at large); *Lava Trading Inc. v. Hartford Fire Ins. Co.*, 326 F. Supp. 2d 434, 439 (S.D.N.Y. 2004) (finding insured whose offices were damaged as a result of a terrorist attack failed to state a claim against insurer under New York's General Business Law section because the insured's allegations suggested nothing more than a

dispute between private parties); *Asbeka Indus. v. Travelers Indem. Co*., 831 F. Supp. 74, 88 (E.D.N.Y. 1993) (finding insurers' refusal to defend or indemnify insured in pending asbestos lawsuits was nothing more than private contractual dispute and beyond ambit of N.Y. Gen. Bus. Law § 349).

Here, plaintiffs' allegations are merely private contractual or quasi-contractual disputes concerning the scope of coverage provided by defendants. Although plaintiffs contend that defendants denied over 700 of plaintiffs' claims and that the conduct is not solely "aimed at" plaintiffs, but involves a scheme to "erect improper barriers to repayment," pursuant to N.Y. Gen. Bus. Law § 349 (*see* Pls.' Mem. of Law at 9), plaintiffs have not provided any case law in support of their position that such a quantity of denials by an insurer is sufficient to satisfy the "consumer-oriented" requirement under § 349.

Moreover, plaintiffs failed to allege either sufficient or specific facts concerning any alleged policy or practice by defendants that violated § 349 in their complaint. Complaints similar to the one at bar have been found not to state a claim under § 329. *See Tinlee Ent. v. Aetna Cas. & Sur. Co.*, 834 F. Supp. 605 (E.D.N.Y. 1993) (finding plaintiffs failed to state a claim under § 349 where the complaint generally alleging that defendants had an "institutional fraudulent practice. . . designed to improperly delay and/or avoid making payments to claimants" and that this "practice is an attempt by Defendant to escape its legal, contractual obligations to make payments upon valid claims submitted under polices of insurance issued by defendant."), *cf. Riordan v. Nationwide Mut. Ins. Co*., 756 F. Supp. 732 (S.D.N.Y. 1990) (finding plaintiffs stated claim under § 349 where complaint contained very specific allegations concerning the insurer's conduct, including documentary evidence and testimony). In their complaint, plaintiffs

merely make general allegations consisting of catch phrases. They do not specify the time frame of the claims made to the insured or of any demand or denial of plaintiffs' claims, any identifying insurance policy numbers, or the specifics of defendants' deceptive schemes, polices, or practices that allegedly violate § 349. Therefore, plaintiffs have failed to set forth sufficient allegations to sustain a cause of action under N.Y. Gen. Bus. Law § 349.

## **Conclusion**

Accordingly, defendants' motion is granted as to plaintiffs' third cause of action under N.Y. Gen. Bus. Law § 349, and denied as to plaintiffs' second cause of action of unjust enrichment. Plaintiffs' third cause of action is dismissed without prejudice

SO ORDERED

DATED:   Brooklyn, New York
         August 31, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge