```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
PERFECT DENTAL, PLLC; ZODIAC          :
DENTAL, PLLC; and SMOOTH DENTAL,      :
PLLC,                                 :
                                      :
         Plaintiffs-Counterdefendants,:          MEMORANDUM AND ORDER
                                      :
         -against-                    :          04 CV 0586 (DLI) (CLP)
                                      :          04 CV 0587 (DLI) (CLP)
ALLSTATE INSURANCE COMPANY            :          04 CV 0588 (DLI) (CLP)
and STATE FAM AUTOMOBILE              :          04 CV 0591 (DLI) (CLP)
INSURANCE COMPANY (sued by            :
Smooth Dental Only),                  :
                                      :
         Defendant-Counterclaim Plaintiffs, :
         Defendant-Third-Party Plaintiffs,  :
                                      :
         -against-                    :
                                      :
ADI SERVICES, INC., et al.,           :
                                      :
         Third-Party Defendants.      :
-------------------------------------------------------X
```

**DORA L. IRIZARRY, United States District Judge**:

In this consolidated action, plaintiffs Perfect Dental Care, P.C.; Zodiac Dental, PLLC; and Smooth Dental PLLC (the "Dental PCs") seek to recover unpaid insurance claims from Allstate Insurance Company and State Farm Mutual Automobile Insurance Company (the "Insurers"). The Insurers have countersued, alleging, *inter alia*, insurance fraud, and have also initiated a third-party action against various third-party defendants, some of whom have since settled with the Insurers.

In the instant motion for partial summary judgment, the Insurers seek a declaratory judgment that the Dental PCs are not entitled to receive payment for certain dental and physical therapy services allegedly provided by present and former third-party dentists and non-party physical

1

therapists. The Insurers also request summary judgment on their counterclaims of common law fraud and unjust enrichment.

For the reasons stated more fully below, summary judgment for the Insurers is denied in part and granted in part. Because the court cannot find as a matter of law that the dentists who allegedly provided services on behalf of the Dental PCs were "independent contractors" as opposed to "employees," the Insurers' request for a declaratory judgment concerning services provided by the dentists is denied. However, the Dental PCs concede that the physical therapists, for whose services they billed the Insurers, were not employees. This court, therefore, grants the Insurers' motion to the following extent: the court declares that the Dental PCs may not recover for services performed by the aforementioned physical therapists. Finally, because the question of whether the dentists were independent contractors or employees also bears on the fraud and unjust enrichment claims, summary judgment is denied with respect to those claims.

**I.   Background**

The following facts are undisputed or, where disputed, construed in favor of the non-moving Dental PCs. Third-party defendant Dmitry Volotsenko, D.D.S. ("Volotsenko"), who is licensed to practice dentistry in New York, formed the Dental PCs in New York as professional corporations that he owns and operates. The purpose of forming the Dental PCs was to create businesses focused on the treatment of motor vehicle accident victims suffering from temporomandibular joint disorder ("TMJ"). Volotsenko engaged various other individuals named as third-party defendants, Zinovy "Zack" Kerzhner, Victor Ushumirsky, and Pavel Markov (together with Volotsenko, the "Control Group"), to assist in the operation and management of the Dental PCs.

The Dental PCs established business relationships with various medical facilities in the New

York metropolitan area (the "Clinics"), thereby enabling them to gain access to individuals recently involved in motor vehicle accidents. The Dental PCs hired twelve dentists (the "Dentists"),[1] also named as third-party defendants,[2] to evaluate motor vehicle accident victims at specified medical facilities, to diagnose whether they suffered from TMJ, and, for those with a TMJ diagnosis, to perform or recommend dental services, orthotic appliances, x-rays, and/or physical therapy.

The Dentists were paid on a 1099 basis[3] and, thus, were not subject to any withholding for tax purposes by the Dental PCs. They were not provided with benefits, and they paid for their own professional malpractice insurance. Furthermore, they were paid on a per diem basis for the days they worked, and were free to work for other dental practices when they were not otherwise engaged by the Dental PCs. Although the Dentists were not directly supervised by the Dental PCs onsite, the Dentists worked under the direction and general supervision of Dr. Volotsenko, who provided training for the Dentists and who determined their schedules and for whom they would work. The Dental PCs made arrangements with the Clinics to provide for the facilities at which the Dentists worked. Additionally, the Dental PCs provided the Dentists with various materials, tools, and support services necessary to performing the dental services, including a technician who brought an x-ray machine and camera, mouth guards, gloves, and the required paperwork.

From 2000 to 2003, the Dental PCs submitted bills to the Insurers seeking payment for dental

---

[1] Maria D. Apergis, D.D.S.; Rhonda Billings, D.D.S.; Nodari Davitiashvili, D.D.S.; Michael Jay Feldstein, D.D.S.; Stanley Frankel, D.D.S.; Marina Kane, D.D.S.; Theodore Kirit, D.D.S.; Michael Kokolis, D.D.S.; Michael Alan Pilar, D.D.S.; Albina Polt, D.D.S., a/k/a Albina Poltiyelova, D.D.S.; Richard Marc Rosenthal, D.D.S.; and Frederick Sands, D.D.S.

[2] Some of the Dentists have since settled with the Insurers.

[3] In the context described above, 1099 tax forms are generally used for independent contractors, as opposed to W-2 forms used for employees.

services, orthotic appliances, x-rays, and physical therapy that were allegedly provided by the Dentists to patients with TMJ. Each bill submitted to the Insurers identified the Dentist who allegedly performed the service(s), as well as the Dentist's New York State dental license number. The bills further represented that the performing Dentist was an employee of the Dental PC submitting the bill.

In late 2002, the Insurers initiated an investigation into the billing and treatment activities of the Dental PCs. Based on the outcome of the investigation, the Insurers ceased rendering payment to the Dental PCs for some or all of the billed services. In February 2004, the Dental PCs named the Insurers as defendants in separate actions that were later consolidated into the instant action on April 22, 2004. The Insurers asserted a series of counterclaims and initiated a third-party action against the Control Group, the Dentists, and ADI Services, Inc., Levinton Management and Collection, Inc., and Medco Management, Inc., alleging, *inter alia*, insurance fraud. Five of the twelve Dentists named as third-party defendants settled with the Insurers.

The Insurers now seek partial summary judgment on their contract and unjust enrichment counterclaims, and further request a declaratory judgment that the Dental PCs are not entitled to recover for services performed by the Dentists or physical therapists, for whose services the Dental PCs billed the Insurers.

## II. Discussion

### A. Summary Judgment Standard

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter

of law." FED. R. CIV. P. 56(c). The court must view all facts in the light most favorable to the nonmoving party, but "only if there is a 'genuine' dispute as to those facts." *Scott v. Harris*, - - - U.S. - - -, 127 S. Ct. 1769, 1776, 167 L. Ed. 2d 686 (2007). "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Id*. at 1776.

A genuine issue of material fact exists if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the nonmoving party may not rely on "[c]onclusory allegations, conjecture, and speculation," *Kerzer v. Kingly Mfg.,* 156 F.3d 396, 400 (2d Cir. 1998), and must affirmatively "set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e). "When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship.,* 22 F.3d 1219, 1224 (2d Cir. 1994) (citation omitted).

### B. New York No-Fault Laws and Regulations

Medical professional corporations in New York may not seek or receive reimbursement for healthcare services provided by independent contractors, even if the independent contractor is licensed to render the services. *See* N.Y. INS. LAW § 5101 (2007); N.Y. Dep't of Insurance Op. Letter, Feb. 21, 2001 (stating that "where. . . health services are performed by a provider who is an independent contractor with the PC [(professional corporation)] and is not an employee under the direct supervision of a PC owner, the PC is not authorized to bill under No-Fault as a licensed

5

provider of those services"); N.Y. Dep't of Insurance Op. Letter, Feb. 21, 2003 (stating that "[i]f [a] physician has contracted with the PC as an independent contractor, and is not an employee or shareholder of the PC, such physician may not represent himself or herself as an employee of the PC eligible to bill for health services rendered on behalf of the PC, under the New York Comprehensive Motor Vehicle Insurance Reparations Act"). Accordingly, professional corporations may only bill for medical services provided by its employees. *See id.* Thus the central issue before this court is whether the Dentists and non-party physical therapists, for whose services the Dental PCs billed the Insurers, were independent contractors as a matter of law, thereby rendering the Dental PCs ineligible to collect payment for services provided by the Dentists and physical therapists.

C. **"Independent Contractor" Versus "Employee"**

In New York, "the critical inquiry in determining whether an employment relationship exists pertains to the degree of control exercised by the purported employer over the results produced or the means used to achieve the results." *Bynog v. Cipriani Group, Inc.*, 1 N.Y.3d 193, 198 (2003). The Second Circuit, applying New York law, has held the following nonexclusive factors to be relevant to the inquiry:

> (1) whether the purported employee is engaged in a distinct occupation; (2) whether the work is usually done under direction or by an unsupervised specialist; (3) the skill involved; (4) who provides the instrumentalities and place of performance; (5) the length of employment; (6) whether payment is by the time or by the job; (7) whether the work is part of the employer's regular business and/or necessary to it; and (8) the intent of the parties creating the relationship.

*Chaiken v. VV Publ'g Corp.*, 119 F.3d 1018, 1034 (2d Cir. 1997). The New York Court of Appeals has articulated the following additional relevant factors:

> whether the worker (1) worked at his own convenience, (2) was free to engage in other employment, (3) received fringe benefits, (4) was on the employer's payroll and (5) was on

a fixed schedule.

*Bynog*, 1 N.Y.3d at 198. Whether the employer and/or the worker represented on federal tax forms that the worker was an employee or an independent contractor is a significant, but not controlling, consideration.[4][5] *See id.* at 198-99; *Gagen v. Kipany Prods., Ltd.*, 27 A.D.3d 1042,1043 (3d Dep't 2006) ("While the manner in which the [employer-worker] relationship is treated for income tax purposes is certainly a significant consideration, it is generally not singularly dispositive."); *In re Stuckelman*, 16 A.D.3d 882, 883 (3d Dep't 2005) ("The fact that the [employer] considered [the worker] to be an independent contractor and claimant deducted expenses on her federal tax return as if she were self-employed does not compel a contrary result [to that court's finding of an employer-employee relationship]."). In effect, no single factor is determinative; instead, New York courts consider the totality of the circumstances. *See id.*

---

[4]The Insurers highlight a New York case deeming a plaintiff bound by his representation in a tax return that his annual income for certain years was below $16,000. *See Naghavi v. N.Y. Life Ins. Co.*, 260 A.D.2d 252, 252 (1st Dep't 1999). The plaintiff was thus prevented from claiming that his annual income for those years exceeded $100,000 in order to avail himself of the defendant's insurance policy. *Id.* In light of the Court of Appeals' later decision in *Bynog*, which is controlling in this case, the Appellate Division's decision in *Naghavi* is limited to its specific facts and has no application here.

Allstate also cites cases in this circuit that apply the doctrine of estoppel to prevent a party from contradicting an earlier representation made on a tax return. *See Ginor v. Landsberg*, No. 97-9061, 1998 WL 514304 (2d Cir. June 16, 1998) (addressing the characterization of a "wrap note" as a debt obligation); *Meyer v. Ins. Co. of Am.*, 97 Civ. 4678 (AJP), 1998 WL 709854 (S.D.N.Y. Oct. 8, 1998) (addressing the investor-trader distinction). Neither of those cases cite New York law, and, furthermore, they were both decided prior to *Bynog*. In any event, *Ginor* and *Meyer*, like *Naghavi*, are distinguishable on their facts.

[5]Notwithstanding, the court notes that the Internal Revenue Service ("IRS") may impose heavy penalties for taxpayers' misrepresentations on tax forms, and this court's, or a jury's, determination of the issues raised in the instant action in no way abrogates the IRS' ability to pursue its remedies to the fullest extent of the law, if appropriate.

The issue of whether a hired worker is an independent contractor or an employee is thus typically a question for the factfinder unless the evidence in the record relevant to this question is undisputed, in which case a court may resolve the issue as a matter of law. *See Murphy v. Guilford Mills, Inc.*, No. 02CIV10105LTSTHK, 2005 WL 957333, at *5 (S.D.N.Y. Apr. 22, 2005). Defendants claim that the following facts demonstrate that the Dentists were independent contractors rather than employees: the Dentists (1) were skilled individuals possessing advanced educational degrees in dentistry, (2) understood, upon being hired, that their status with the Dental PCs would be as independent contractors (3) attested to the fact that they were paid on a 1099 basis without any withholding, (4) were paid a per diem fee ranging from $300 to $400 per day, and only for the days actually worked, (5) provided their own malpractice insurance at their cost, (6) worked unsupervised by Dr. Volotsenko at the clinics where they performed the evaluations, (7) allegedly set their own schedules and number of days they would work, and (8) worked for other practices in addition to the Dental PCs. Plaintiffs, on the other hand, allege facts that reflect the Dentists' status as employees: the Dentists (1) worked under the direction of Dr. Volotsenko, who provided training and general supervision to the Dentists, (2) worked at facilities arranged for by the Dental PCs (3) used materials and tools provided by the Dental PCs, (3) engaged in work that was a part of the Dental PCs' regular business, (4) did not have the right to hire substitutes without Plaintiffs' knowledge, and (5) allegedly could not set their own schedules, nor choose for whom to work, but instead followed Volotsenko's direction.

Plaintiffs' version of the facts demonstrate a triable issue concerning whether the Dentists were independent contractors or employees. Therefore, summary judgment declaring that the Dental PCs are not entitled to recover payment for services rendered by the Dentists is not warranted.

However, regarding the physical therapists, Plaintiffs concede that "the physical therapy services were not actually rendered by the Dentists and that they were rendered, if at all, by unidentified physical therapists who had absolutely no employer-employee relationship with Dr. Volotsenko or any of the Dental PCs." (*See* Defs.' 56.1 ¶ 8; Pls.' 56.1 ¶ 8.) Accordingly, there is no dispute concerning whether the physical therapists were employees or independent contractors, and they are deemed non-employees as a matter of law. Therefore, this court grants Defendants' request for summary judgment against the Dental PCs with respect to the physical therapists, and thereby declares that the Dental PCs may not recover for services performed by the physical therapists.

**D.     Common Law Fraud and Unjust Enrichment**

Because this court cannot determine as a matter of law whether the Dentists were independent contractors or employees, the court consequently cannot rule on the Insurers' common law fraud and unjust enrichment counterclaims, which depend on a finding that the Dentists were independent contractors. Thus the Insurers' motion for summary judgment on their fraud and unjust enrichment counterclaims is denied.

## III. Conclusion

For all of the foregoing reasons, the Insurers' motion for summary judgment declaring that the Dental PCs may not recover for certain claimed services is denied with respect to services provided by the Dentists but granted with respect to services provided by the non-party physical therapists as explained above. Furthermore, the Insurers' motion for summary judgment on their common law fraud and unjust enrichment counterclaims is denied.

SO ORDERED.

DATED:    Brooklyn, New York
         September 10, 2007

_____ /s /_____
DORA L. IRIZARRY
United States District Judge